FELICES, PETITIONER AND APPELLEE, *v.* FELICES, CONTESTANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in Administration Proceedings.—Motion for Dismissal.

No. 3506.—Decided February 6, 1925.

APPEAL—NOTICE OF APPEAL—PARTIES.—When one heir appeals from an order refusing to dismiss a petition made by other heirs for the appointment of an administrator of the estate, failure to give notice of the appeal to all of the heirs is a sufficient cause for its dismissal.

ID.—ID.—ID.—On December 10th the appellee moved for the dismissal of an appeal taken on December 1st from an order of November 15th on the ground of failure to give notice of the appeal to all of the heirs. *Held:* That the defect is not cured by giving notice to all of a new appeal taken on December 30th from an order which did not substantially modify the order of November 15th, especially as the second appeal was taken out of time.

The facts are stated in the opinion.

*Mr. A. Sarmiento* for the appellant.

*Messrs. R. Sancho Bonet* and *R. Rivera Zayas* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On December 10th, 1924, a motion was filed for the dismissal of the appeal taken in this case on the grounds that the notice of appeal was not served upon all of the interested parties and that the order appealed from was not appealable.

The allegations having been controverted, on January 23, 1925, a complete transcript of the record, certified to by the clerk of the district court, was filed. It shows that ad-

ministration of the estate of Felices was petitioned for by
one of his heirs, Antonina V. Felices, and the other heirs
were summoned and after various incidents Apelio Feli-
ces, by attorney Sarmiento, moved to dismiss the proceed-
ings because they had not been brought by a person author-
ized to do so in accordance with section 23 of the Law of
Special Proceedings.

On October 10, 1924, the day set for a hearing on the
appointment of an administrator, the motion for dismissal
was argued also, and on the 24th of the same month an
order appears to have been made in which reference is
made to what had happened, but the judge merely declared
the proceedings contentious.

At this stage, on October 29th the petitioner, represented
by attorney Sancho Bonet, together with other heirs repre-
sented by attorney Rivera Zayas, filed a motion stating the
difficulties that had prevented an agreement as to the per-
son to be appointed as administrator, due to the attitude of
Apelio Felices, and moved the court to designate such per-
son in the exercise of its power.

On October 31st the petitioner, together with the other
heirs mentioned, moved for reconsideration of the order
made on the 24th of the same month, and after hearing the
parties the court, on November 15th, decided (1) to deny
reconsideration, (2) to dismiss the motion for dismissal
made by Apelio Felices and (3) to grant the said Apelio
Felices ten days within which to answer.

On November 22nd Apelio Felices moved the court to
amplify its order of the 15th to the effect that the time for
answering would run from the day on which he should re-
ceive a copy of the original petition. On the same day
Apelio Felices received the said copy and on the 1st of
December the court made an order explaining that the time
allowed would run from the 22nd of November, 1924.

Then there appears to have been filed on December 1,
1924, a notice of the appeal for the dismissal of which a

motion was filed on the 10th of the same month. That notice was served only on attorney Sancho Bonet.

Then the record shows another notice of appeal dated December 30, 1924, and served on attorneys Sancho Bonet and Rivera Zayas.

Such being the facts, let us see whether or not the appeal should be dismissed.

The contention of the appellant that this court has no jurisdiction to decide the question raised is without merit. After an appeal is taken this court acquires jurisdiction to hear it on its merits, if the appeal lies and has been properly perfected, or to dismiss it if the appeal does not lie or has not been perfected according to law.

The notice of appeal of December 1, 1924, was not served on several of the parties really concerned, that is, on the heirs represented by attorney Rivera Zayas, who had an interest equal to that of the petitioner, and such being the case, applying the law and the jurisprudence, it should be dismissed on that ground.

The appellant maintains that the defect was cured by his new notice of December 30th, which was served on all of the heirs. We are of a different opinion. Even supposing that the appeal was taken in time, it would be necessary to conclude that the appeal was a new one and on December 10th there was filed in this court the motion for dismissal of the appeal taken on the 1st of the same month. The new notice was filed twenty days after the filing of the motion for dismissal.

Besides, and in order that this matter may be finally settled, we will say that it is evident that the second appeal was taken after the thirty days fixed by law and is, therefore, ineffective. The order appealed from was rendered on November 15, 1924. On the 1st of December the judge merely granted the motion of the appellant as to the time allowed. The nature of the order was not changed. There was no essential variation.

Therefore, the motion for dismissal must be sustained, it being unnecessary to decide whether or not the order in question was appealable.

*Appeal dismissed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.